No. 38,817

E. L. SMITH, *Appellee*, v. J. F. REASOR and T. W. MILLER, a co-partnership, doing business as the Miller and Reasor Gas Company, *Appellants*.

(252 P. 2d 627)

Opinion filed January 24, 1953.

*F. O. Martin,* of Parsons, argued the cause and was on the briefs for the appellants.

No appearance was made for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for money alleged to be due plaintiff on an oral contract. Judgment was for plaintiff. Defendants have appealed.

The amended petition after identifying the parties alleged that plaintiff owned a described quarter section; that he executed to defendants an oil and gas lease on it and ten producing wells were drilled thereon; that plaintiff was the father of Junior Smith, a minor living in his home, and he was entitled to Junior's earnings and in addition Junior had given plaintiff an assignment of all claims he might have against defendants. The amended petition then alleged that defendants asked plaintiff and his son if they would work for defendants about the equipping and operation of the wells; that plaintiff and his son agreed so to do and defendants agreed to pay plaintiff ten dollars a day and his son five dollars a day and plaintiff and his son agreed to work for that amount; that thereafter plaintiff and son on the dates shown on Exhibits A and B, attached to the petition, performed services for defendants as stated in the exhibits. The petition further alleged that correct itemized statements of the services performed by plaintiff and his son were attached to the petition; that plaintiff had made demands for payment due and defendants refused to pay. Judgment was asked for $324.

Exhibit "A" was the bill of plaintiff and showed labor performed in the amount of $234. Exhibit "B" was that of Junior Smith and showed services performed in the amount of $90.

The answer first admitted the identity of the parties and the making of the lease. It then stated a general denial, then a specific denial that defendants had ever employed plaintiff or his son to perform any labor and specifically denied that they had offered Junior five dollars a day or plaintiff ten dollars a day or any other sum for their services.

The reply was a general denial.

The jury returned a verdict in the amount of $142. Special questions were answered as follows:

"1. Were the services claimed herein by E. L. Smith performed pursuant to the terms of an oral contract? A. Yes.

"2. When and where was this oral contract entered into? A. In plaintiff's home on or about December 27, 1947.

"3. Who were the contracting parties? A. T. W. Miller and J. F. Reasor, and E. L. Smith and Junior Smith.

"4. Were the services of Junior Smith, claimed herein by E. L. Smith, performed pursuant to the terms of an oral contract? A. Yes.

"5. What amount do you allow for the services of E. L. Smith? A. $117.00 with interest at 6% per annum from May 9, 1948.

"6. What amount do you allow for the services of Junior Smith? A. $25.00 with interest at 6% per annum from May 9, 1948."

Defendants filed a motion for a new trial on the grounds of abuse of discretion, misconduct of jury, misconduct of prevailing party, accident and surprise, defendants were not afforded a reasonable opportunity to be heard, erroneous rulings, erroneous instructions, verdict given under influence of passion and prejudice, and quotient verdict. This motion was overruled and judgment was entered for plaintiff in the amount of the verdict.

The defendants also filed a motion for judgment in their favor notwithstanding the general verdict for the reason the judgment was contrary to law and contrary to the evidence. This motion also moved to set aside the answers to all the special questions because they were contrary to the evidence. This motion was overruled. Judgment was entered pursuant to the verdict.

The assignments of error are that the trial court erred in rendering judgment for plaintiffs, in overruling defendants' motion for a new trial, in overruling defendants' motion to set aside answers to special questions, in refusing to give seven instructions requested by defendants, in giving Instruction No. 5, in giving Instruction No. 10 and in giving Instruction No. 12.

Although defendants on their motion for a new trial raised twelve

grounds they in their argument here rely on the ground that the verdict was contrary to the evidence. The defendants in their answer made two defenses—first they denied that any contracts had been made—second they denied that plaintiff or his son had performed any services for them whatever. The plaintiff had the burden of proving both of these issues.

The plaintiff and Junior and plaintiff's wife all testified to the making of the contract. Plaintiff and Junior both testified that they performed the services. Defendants point out some discrepancies between the testimony of these witnesses at this trial and that given by them at another trial in the justice court. They ask us to examine the record and reach a conclusion on the issues of fact other than those reached by the jury and approved by the trial court.

These discrepancies go to the weight to be given this testimony. The burden of deciding whether the witnesses were testifying truthfully was on the jury in the first place. As we have said many times we will not re-examine a question of fact if there is any substantial evidence to sustain it. That rule applies here.

Defendants also point out that the action was to recover $234 for Smith's services and $90 for Junior's, $324 in all, while the verdict was for $142, altogether being $117 for Smith and $25 for Junior. Defendants argue here that there was no evidence whatever to sustain such a verdict; that the evidence of plaintiff tended to prove the amount sued for was due and that of defendants nothing was due for. They argue that under such circumstances a verdict for a less amount than that for which suit was brought must be set aside. While the defendants denied the making of the contract and the performance of any labor by plaintiff and his son, there was evidence introduced by them from which the jury could have found that on certain of the days claimed plaintiff and his son did not work. In case the jury believed Smith and his son generally and also believed the witnesses of defendants as to these particular days, it was warranted in reaching the verdict it returned. This argument of defendant asks us to explore the deliberations of the jury to a greater extent than we ever have done.

The judgment of the trial court is affirmed.